LeRoy George Siddell (SBN 48670)
2323 Broadway, Ste 104
San Diego, CA 92102
Office: (619) 231-3991 | Cell: (619) 890-5504
Email: attorneysiddell@yahoo.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CRUZ & RICHARD CRUZ,<br><br>                    Plaintiffs,<br><br>vs.<br><br>CITY OF SAN DIEGO, CALIFORNIA, A MUNICIPAL CORPORATION; CHIEF OF POLICE, FOR THE CITY OF SAN DIEGO, CALIFORNIA, DAVID NESLEIT, SARGEANT MATHEW ROGERO, OFFICERS JEREMY AVALOS AND JONAH TOFOYO AND DOES 1-10<br><br>                    Defendants | **COMPLAINT FOR WRONGFUL DEATH AND DAMAGES**<br><br>**CASE NO.: '24CV0287 AJB MSB** |

Plaintiffs allege as follows:

### First Cause of Action
### EXCESSIVE FORCE (42 U.S.C. § 1983

1. This civil rights action seeks compensatory and punitive damages for violating various rights under the United States Constitution and State of

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 1

California laws in connection with the fatal police shooting of the DECEDENT Imanol Aparicio.

2. At all relevant times, Decedent Imanol Aparicio was an individual residing in the city of San Diego, California, within the Southern District of California.

3. Plaintiff Elizabeth Cruz is the biological mother of the Decedent, and she is acting in her individual capacity, seeking wrongful death damages under federal and California State law. She has resided in the County of San Diego, State of California, at all relevant times.

4. Plaintiffs are informed and believe that defendants above named police recovered a gun during the shooting subsequent to the fatal shooting. The gun was located in close proximity to Decedent IMANOL APARICIO. It is unknown to Plaintiffs whether this recovered gun contained IMANO APARICIO's fingerprints or DNA. The gun was located in close proximity to Decedents left hand - - he was right handed. This raises suspicion that the shooting location was tampered with presumably by the police defendants.

5. Plaintiff Elizabeth Cruz was emotionally and financially dependent on IMANOL APARICIO.

6. The unreasonable use of force by Defendants Does 1-10 deprived IMANOL

APARICIO

of his right to be secure in his person as guaranteed under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

7. As a result, Decedent IMANOL APARICIO suffered extreme mental and physical pain and suffering, loss of enjoyment of life, and practically suffered a loss of life, and earnings capacity.

8. All named defendants in some manner contributed to the wrongfully shooting and death of the above-named decedent by their actions and inactions.

9. Police officer Defendants and Does 1-10, did not give an adequate verbal warning that deadly force would be used prior to the shooting of Decedent IMANOL APARICIO. They commanded him to drop his weapon. The involved police officers did not announce themselves as police prior to the fatal shooting.

10. The involved officers named above shot Decedent IMANOL APARICIO when he was not an immediate threat of death or serious bodily injury to the officers. Above named Defendant Police did not show a reverence for human life. The involved officers named above are responsible for every shot they fired, and this was not an immediate defense of life situation.

11. Several non-lethal options were available to the police, and they failed to employ any of them. Specifically, the services of K-9 unit and use of rubber bullets and tear gas would have been sufficient to disable the decedent - - this is not an exclusive list of non-lethal alternatives.

12. When police officers named above encountered Decedent IMANOL APARICIO initially, he was in a car, and they were aware of his identity as he was a suspect in a shooting which had happened earlier in the evening.

13. IMANOL APARICIO ran from the police to evade arrest. He posed no threat to police officer defendants at this point. No gun was pointed at the police. Plaintiffs believe and allege the Decedent suffered a serious injury to his head, several years ago, and he may have suffered brain damage.

14. Plaintiffs bring this claim as successors-in-interest to the Decedent Imanol Aparicio and seek both survival and wrongful death damages for the violation of Imanol Aparicio's rights. (See Ex. A incorporated by this reference).

15. Plaintiffs also seek attorney fees under this claim.

## Second Cause of Action
## DENIAL OF DUE PROCESS (42 U.S.C. § 1983)

16. Plaintiffs repeat and reallege each and every allegation in paragraphs 1-15 of this Complaint with the same force and effect as if fully set forth herein.

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 4

17. Imanol Aparicio had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted interference with his familial relationships with is mother, and brother.

## THIRD CAUSE OF ACTION

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

18. Plaintiffs repeat and reallege each and every allegation in paragraphs 1-17 with the same force and effect as if fully set forth herein.

19. On or about 11/13/2023, the decedent was shot by on-duty Police Officers, Defendants above named, in the 3800 block of Central Avenue, San Diego, CA 92105. See Exhibit B attached hereto and incorporated by this reference.

20. At the location of the 3800 block of Central Avenue, San Diego, CA 92105, above named Police Defendants fired numerous gunshots at Decedent IMANOL APARICIO, including two shots after he was already down on the ground.

21. At the time of the shooting, above named Police Defendants should have employed non-lethal methods first, before using lethal methods as their as their first choice.

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 5

22. At the time of the shooting, Decedent IMANOL APARICIO posed no immediate threat of death or serious injury to Defendant Police Officers above named or any other person. There was no need or legal excuse to shoot Decedent IMANOL APARICIO when he was down on the ground and obviously disabled.

23. In December 2023, Plaintiffs served their claim for damages with Defendant City of San Diego pursuant to applicable sections of the California government. See Exhibit B attached and incorporated by this reference.

24. In 2024, the City of San Diego rejected Plaintiffs' claim for damages by failing to respond. This non-response constitutes a rejection.

25. By the time of filing this complaint, the City of San Diego has not issued its findings as to whether Defendants acted within policy, whether they will be disciplined or not, and whether the City of San Diego ratified their use of deadly force against Decedent IMANOL APARICIO. Use of force by Police has been dramatically modified by California Assembly Bill 392 & California Penal Code section 835 subdivision (a)(5) specifically relates to persons with intellectual disabilities. Said Bill & Penal Code section 835 are incorporated by reference. Accordingly, Plaintiffs reserve the right to amend the complaint once the City of San Diego has issue its findings regarding the

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES

- 6

involved officers' use of deadly force.

26. On Information and Belief it is further alleged San Diego Police Department killed four persons. These deaths were completely unnecessary. Los Angeles Police Department has been using a flashlight, Pelican 7060, to blind subjects to disable them.

**Jurisdiction and Venue**

27. This civil action is brought for the redress of alleged deprivation of constitutional rights as protected by 42 U.S.C. § §1983, 1985, 1986, 1988, and the Fourth & Fourteenth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. § §1331, 1343, and 1332. Venue is proper in the Southern District of California because all incidents, events, and occurrences giving rise to this action occurred in the County of San Diego, California.

28. At all relevant times, Defendant Does 1-10 were duly appointed officers and/or employees or agents of Defendant City of San Diego, subject to oversight and supervision of Defendant City of San Diego's elected and non-elected officials.

29. In doing the acts and failing and, omitting to act as hereinafter David Nesleit

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 7

Defendant Chief of Police and above-named police officers were acting on the supposed and actual permission and consent of Defendant City of San Diego.

30. At all times mentioned herein, each and every defendant was the agent of such, and every defendant employed by the City of San Diego and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every City of San Diego defendant.

31. The true names of Defendants Does 1 through 10, inclusive, are unknown to Plaintiffs, who, therefore, sue these defendants by such fictitious names. Plaintiffs will seek to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

32. Plaintiff, Richard Cruz, is the brother of the Decedent. He is an individual residing in the County of San Diego, State of California, within the venue of the Unite States District Court, Southern District of California. He sues in his individual capacity and seeks wrongful death damages under federal and California State laws.

33. At all relevant times, all defendants named have lived in San Diego County,

State of California, within the venue of the United States District Court.

34. The City of San Diego is a municipal corporation duly authorized under the laws of the State of California.

35. The Chief of Police for the City of San Diego David Nesleit is authorized to direct and handle any discipline for all police employees who work for the City of San Diego.

36. At all relevant times, Defendants above named police officers and Does 1-10 were duly authorized employees and agents of the City of San Diego, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, the City of San Diego.

37. Plaintiffs have also been deprived of the strong lifelong love, companionship, comfort, support, society, care, and sustenance of Decedent Imanol Aparcio and will continue to be so deprived for the remainder of their natural lives.

38. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

39. The use of deadly force was excessive because this was not an immediate defense of life situation. The involved officers should have retreated to a

place of safety and waited for backup and other officers and the K-9 unit. They did not give adequate verbal warning that they would shoot to kill. Deadly force should not be used when there are other reasonable options available other than shooting and killing Decedent, Imanol Aparicio.

40. The conduct of all named police Defendants and DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent Imanol Aparicio, and therefore warrants the imposition of exemplary and punitive damages as to all Defendants and DOES 1-10.

41. (a) Employing and retaining as police officers and other personnel, Defendants Does 1-10, including named above police defendants whom Defendants at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CITY Police Department policies;

(b) Of inadequately supervising, training, controlling, assigning, and disciplining CITY Police Officers and other personnel, who Defendant City of San Diego & the Police knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(c) By failing to adequately train officers, all police defendants, and failing

to institute appropriate policies regarding the use of excessive force, including deadly force;

(e) By having and maintaining an unconstitutional policy, custom, and practice of using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The Defendant City of San Diego & the Police policies, customs, and practices all named police defendants were done with a deliberate indifference to individuals' safety and rights; and

(f) Of totally inadequately training CITY Police Officers, all named defendant police with respect to using lethal force when not necessary.

**FOURTH CAUSE OF ACTION**
**DEFENDANTS MAINTAINED CUSTOM & POLICY AND PRACTIVE OF LETHAL FORCE BEFORE USING NON-LETHAL FORCE AS MOST APPROPRIATE THEREBY VIOLATING FOURTH AND FOURTEENTH AMENDMENT OF U.S. CONSITUTION**

42. All named defendants DOES 1-10, acting under color authority of the State of California law, violated Imanol Aparicio's right to life by the use of excessive and unnecessary force.

43. As a result of the conduct of all Defendants named in the Complaint and DOES 1-10 are liable under the doctrine of "*respondeat superior*" because

they were integral participants in the deprivation of due process.

44. Plaintiffs bring this claim individually and seek wrongful death damages for the violation of Imanol Aparicio's rights.

45. For some time prior to 11/13/2023, Defendants City of San Diego and Police Chief David Nesleit trained police for "combat shooting" – empty the gun instead of non-lethal methods being employed as first option. This practice would seem to violate California Penal Code Section 835.

46. By reason of the aforementioned policies and practices of Defendants City of San Diego and the Police Chief David Nesleit Imanol Aparicio DOES 1-10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

47. Defendants city of San Diego and police chief, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient

policies, practices, and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated, and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of

DECEDENT, Plaintiffs, and other individuals similarly situated.

48. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct City of San Diego & Police Chief Imanol Aparicio and other wrongful acts, Defendants DOES 5-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT's and Plaintiffs' constitutional rights. Defendants DOES 5-10, each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

49. Furthermore, the policies, practices, and customs implemented, and City of San Diego Police Chief Imanol Aparicio maintained and still tolerated by Defendants DOES 5-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

50. Accordingly, Defendants DOES 5-10, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983

51. Plaintiffs are seeking just relief under this claim.

## FIFTH CAUSE OF ACTION
## FAILURE TO PROPERLY TRAIN POLICE OFFICERS (42 USC §1983)

52. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 52 of this Complaint with the same force and effect as if fully set

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 13

forth herein.

53. While acting under the color of state law and within the course and scope of their employment as police officers for the CITY police department,

all defendants deprived DECEDENT of his rights and liberties secured to him by the Fourth and Fourteenth Amendments.

54. The training policies of the defendant CITY police department were not adequate to train its police officers, and Defendants DOES 1-10, with regards to using deadly force. As a result, named Police Defendants were not able to handle the usual and recurring situations with which they must deal, including making contact unarmed and armed suspects. These inadequate training policies existed prior to the date of this incident and continue to this day.

55. The Defendant CITY Chief of Police David Nesleit was deliberately indifferent to the known or obvious consequences of its failure to train its police officers adequately with regards of using deadly force and not using non-lethal means with a great preference to capture and arrest suspects adequately with regards to using deadly force.

56. The defendant city of San Diego and Chief of Police David Nesleit were

aware that the failure to implement training regarding officers' use of deadly force would result in continuing unreasonable officer-involved shootings of individuals annually.

57. The failure of Defendant San Diego & Police Chief David Nesleit to provide adequate training with regards to using deadly force caused the deprivation of the rights of Plaintiffs by all police departments. In other words, the Defendant's failure to train is so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury and death.

58. By failing to provide adequate training to police officers, all defendants acted with an intentional, reckless, and callous disregard for the life of Imanol Aparicio and Plaintiffs' constitutional rights. All Defendants and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

## SIXTH CAUSE OF ACTION
## WRONGFUL DEATH

59. Plaintiffs repeat and reallege all above causes of action as if fully set forth.

60. Defendants police officers shot and killed Imanol Aparicio, wrongfully deprived the unarmed DECEDENT of his liberty without justification.

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 15

61. Defendant CITY is vicariously liable for the wrongful acts of police defendants, as per section 815.2(a) of the California Government Code, holding a public entity liable for injuries caused by its employees within the scope of employment.

62. The conduct of all Defendants was malicious, wanton, oppressive, and carried out with a conscious disregard for the rights of DECEDENT, justifying Plaintiffs' claim for exemplary and punitive damages.

63. Plaintiffs seek both survival and wrongful death damages under this claim.

## SEVENTH CAUSE OF ACTION

## (CAL. GOVT. CODE § 820 AND CALIFORNIA COMON LAW) – WRONGFUL DEATH)

64. Plaintiffs repeat and reallege all above causes of action as if fully set forth.

65. All defendants' police were working as police officers for the CITY Police Department and acting within the course and scope of their employment, committed battery, causing harm to DECEDENT.

66. Defendant Nesleit of San Diego Police Department is vicariously liable for the wrongful acts of the police department, as they intentionally shot DECEDENT multiple times, while he was on the ground and after he had

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 16

already gone to the ground, causing severe mental and physical pain, loss of enjoyment of life, and ultimately leading to his death and loss of earning capacity. DECEDENT was entitled to the use of non lethal force. All police defendants had no legal justification for using deadly force, making their actions an unreasonable use of force. Plaintiffs suffered extreme metal anguish, pain, and injuries in mind and body due to Defendants' conduct. Additionally, Plaintiffs have been deprived of the life-long love. Companionship. Comfort, support, society, care, and sustenance of DECEDENT, with such deprivation continuing for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses and a loss of financial support.

67. Defendant City of San Diego is vicariously liable for these wrongful acts under section 815.2(a) of the California Government Code, making a public entity liable for injuries caused by its employees within the scope of employment.

## EIGTH CAUSE OF ACTION

## NEGLIGENT FALIURE TO TRAIN EMPLOYEES CALIFORNIA

## GOVERNEMENT CODE SECTION 815.2

68. Plaintiffs repeat and reallege all above cause of action as if fully set forth.

69. The actions and inactions of all the Defendants were negligent, encompassing;

   a) The failure to properly and adequately train employees, including all police defendents, concerning the use of force, including deadly force.

   b) The failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force against DECEDENT, Imanol Aparicio. Non-lethal force should be the first option for all police agencies.

   c) Negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence.

   d) The negligent detention, arrest, and use of force, including deadly force, against DECEDENT, Imanol Aparicio.

   e) The failure to give an appropriate verbal warning prior to shooting; and

   f) The failure to properly train and supervise all police employees

## NINTH CAUSE OF ACTION

## VIOLATION OF BANE ACT (CALIFORNIA CIVIL CODE § 52.1)

70. Plaintiffs repeat and reallege each and every allegation of complaint above with the same force and effect as if fully set forth.

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 18

71. Conduct that violates the Fourth Amendment violates the California Bane Act. This Act is hereby incorporated by this reference. All defendants by both their actions and lack of action violated BANE ACT. Defendants' use of deadly force was excessive and unreasonable under the circumstances. The involved officers did not give a correct warning or command prior to the fatal shooting also all police defendants should have employed non-lethal force as a first option. Suspects, under the BANE ACT, have the right to be free from Excessive Use of Force incorporated to state actors by the Fourteenth Amendment Defendant intentionally violated DECEDENT's right under § 1983 by using excessive deadly force against DECEDENT, including shooting the DECEDENT when he was disabled on the ground. Further, these acts by police defendants demonstrate their reckless disregard for IMANOL APARICIO's DECEDENT's constitutional rights. At the time of the shooting, DECEDENT did not pose an immediate threat of death or serious bodily injury, and DECEDENT never verbally threatened anyone prior to the shooting. Decedent fired no shots at all during at the Police. There is direct and circumstantial evidence that all any right of self defense ceases to exist when an aggressor is disabled. Decedent was obviously disabled when shot to death .

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 19

72. The conduct of all police defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for human life.

WHEREFORE, Plaintiffs pray as follows:

1. For compensatory damages in excess of $30,000,000, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

2. For funeral and burial expenses, and loss of financial support;

3. For punitive damages against the individual defendants in an amount to be proven at trial;

4. For interest;

5. For reasonable costs of this suit and attorney's fees; and

6. For such further other relief as the Court may deem just, proper and appropriate.

7. For treble damages under California Civil Code Section 52.1.

///

///

///

///

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES
- 20

Respectfully submitted,

Dated this 12th of February, 2024

_s/George Siddell_____
attorneysiddell@yahoo.com

Attorney for Plaintiffs Elizabeth Cruz and Richard Cruz