UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH CRUZ and HILARINO APARICIO,<br><br>                                        Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                                        Defendants. | Case No.:  24-cv-0287-AJB-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. No. 52)** |

Before the Court is Defendants City of San Diego ("the City") and Chief David Nisleit's ("Chief Nisleit") (collectively, "Defendants")[1] motion to dismiss Plaintiffs Elizabeth Cruz and Hilarino Aparicio's (collectively, "Plaintiffs") Third Amended Complaint (Doc. No. 45, "TAC") pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure.[2] (Doc. No. 52.) The Court finds the motion suitable for determination on the papers. *See* CivLR 7.1.d.1. For the reasons set forth below, the Court **GRANTS in part** and **DENIES in part** Defendants' motion to dismiss.

---

[1]    Plaintiffs allege additional claims against Sergeant Matthew Ruggiero, Officer Jeremy Avalos, and Officer Jonah Tafoya; however, because they are not subject to the cause of action at issue, the Court uses "Defendants" herein to the exclusion of Sergeant Matthew Ruggiero, Officer Jeremy Avalos, and Officer Jonah Tafoya.

[2]    All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

1

## I.    BACKGROUND

This action arises out of the death of Imanol Aparicio ("Decedent") who was shot by on-duty police officers on or about November 13, 2023. (TAC ¶¶ 3, 12.) Plaintiffs allege that when police officers encountered Decedent, he ran from the police to evade arrest (*Id*. ¶ 33.) In response, Police Officers fired numerous gunshots at Decedent, including after Decedent was laying prong and incapacitated. (*Id*. ¶¶ 13, 16, 30.)

Relevant hereto, Plaintiffs allege that the City and Chief Nisleit trained police for "combat shooting," wherein police are trained to "empty" their gun instead of first employing non-lethal methods. (*Id*. ¶ 18.) This policy requires officers to continue shooting a suspect, even after the suspect is incapacitated. (*Id*.) The City and Chief Nisleit were aware that California congressional hearings found such a policy and practice to result in excessive force and death and that, as a result of such findings, California amended state laws to direct use of non-lethal force as a preference to lethal force. (*Id*. ¶¶ 48, 59.) Despite being aware of these findings and directives, Defendants continued to implement and train officers to implement the policy preferring lethal force, including the police of emptying firearms into incapacitated suspects. (*Id*.)

On January 30, 2026, the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's SAC and provided leave to amend the negligent failure to train claim. (Doc. No. 44 at 20–21.) On February 6, 2026, Plaintiffs filed the TAC. (Doc. No. 45.) Defendants now move to dismiss Plaintiffs' seventh cause of action pursuant to Rule 12(b)(6). (*See generally* Doc. No. 52-1.) Plaintiffs filed an opposition (Doc. No. 55), to which Defendants replied (Doc. No. 56).

## II.    LEGAL STANDARD

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "The court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). To defeat a motion to

dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Navarro*, 250 F.3d at 732; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations and citation omitted).

## III. DISCUSSION

Plaintiffs' seventh cause of action asserts that Defendants negligently failed to train employees. Specifically, Defendants breached the duty to exercise reasonable care in training, supervision, and oversight of San Diego Police Department officers regarding the lawful use of force, including deadly force, under California law. (TAC ¶¶ 75–84.) Defendants seek to dismiss Plaintiffs' negligent failure to train claim against the City and Chief Nisleit pursuant to Rule 12(b)(6) for numerous alleged deficiencies. (Doc. No. 52-1 at 4.) The Court will address each of Defendants' arguments for dismissal in turn.

### A. Claim Against Chief Nisleit

Defendants' motion to dismiss targets Plaintiffs' seventh cause of action for failing to allege a duty of care Defendants owed Plaintiffs. (*See* Doc Nos. 52-1 at 5; 55 at 2–4.) Defendants argue that, because police do not owe any duty to individual members of the public, Plaintiffs must plead a special relationship between themselves and Defendants. (Doc. No. 52-1 at 5 (citing first *Von Batsch v. Am. Dist. Telegraph. Co.*, 175 Cal. App. 3d 1111, 1121 (1985); then *C.A. v. Williams S. Hart Union High Sch. Dist.* ("Hart"), 53 Cal. 4th 861, 877 (2012)).) Defendants assert that Plaintiffs' TAC fails to sufficiently allege the

24-cv-0287-AJB-MSB

element of duty because it contains no facts establishing a special relationship with Chief Nisleit. (*Id*.)

"A plaintiff alleging negligent training under California law must show that the employer negligently trained the employee as to the performance of the employee's job duties and as a result of such negligent instruction, the employee while carrying out his job duties caused injury or damage to the plaintiff." *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1208 (E.D. Cal. 2009).

Here, Plaintiffs allege Defendants "owed Plaintiffs and Decedent a duty to exercise reasonable care in the training, supervision, and oversight of the San Diego Police Department officers regarding the lawful use of force, including deadly force, under California law." (TAC ¶ 76.) Further, Plaintiffs allege that "NISLEIT, in his capacity of Chief of Police, and DOES 1-10, in their capacity of supervising, training, or commanding personnel, owed a duty to ensure that officers received adequate training, supervision, and guidance consistent with California standards governing the use of force, including proper assessment, escalation, de-escalation, and reassessment once a suspect is incapacitated." (*Id*. ¶ 78.) Plaintiffs then allege that "Defendants breached their duties by inadequately training and supervising reassessment of force after a suspect was incapacitated, the use of verbal warnings, and the prohibition on continued lethal force when the threat had abated." (*Id*. ¶ 79.) "As a direct and proximate result of Defendants' negligence, [officers involved in the incident employed unreasonable and unsafe tactics and uses of force, including the continued use of deadly force after Decedent was incapacitated], Decedent suffered severe physical injury, conscious pain and suffering, and death, and Plaintiffs suffered economic loss, loss of financial support, and other damages recovered under California law." (*Id*. ¶¶ 80–82.) "Had defendant exercised reasonable care in the training and supervision of officers, the officers would not have acted as they did, and the injuries and death suffered by Decedent would not have occurred." (*Id*. ¶ 81.)

Defendants argue that all claims for negligent supervision and training require a special relationship, which Plaintiffs have not and cannot allege. (Doc. No. 56 at 2 (relying

24-cv-0287-AJB-MSB

on *Hart*, 53 Cal. 4th 861).) Specifically, Defendants argue that the special relationship requirement derives from the settled principle that one generally owes no duty to control another's conduct absent a special relationship with either the person whose conduct needs controlling or the person at risk. (*Id*. at 3.)

Defendants are generally correct about the principle of third-party harm; however, as Plaintiffs identify (*see* Doc. No. 55 at 3–4), Defendants' argument misapprehends Plaintiffs' theory. Plaintiffs allege Chief Nisleit negligently trained officers in use of lethal force by training them in a "combat shooting" policy and implementation of Chief Nisleit's negligent trainings directly resulted in excessive use of force against Decedent, thereby causing the alleged violations of Decedent's Fourth and Plaintiffs' Fourteenth Amendment rights.[3]

Numerous courts have found that law enforcement supervisors have "a duty to properly hire, train, control, and supervise" officer-employees that is owed "to individuals who may be subjected to police officers' unreasonable use of force." *See, e.g.*, *French v. City of L.A.*, No. EDCV20416JGBSHKX, 2021 WL 6752229, at *8 (C.D. Cal. Jan. 8, 2021); *see also Lopez v. Williams*, No. EDCV17882JGBSPX, 2017 WL 10560529, at *11 (C.D. Cal. Aug. 15, 2017) ("Plaintiff alleges a plausible duty on the part of MPD personnel in charge of hiring, supervising, training, and retaining Williams and Mikowski to adequately train the officers in the proper use of force because it is reasonably foreseeable that officers who allegedly assaulted and beat citizens in the past may place other citizens at risk in the absence of adequate training."). Moreover, Plaintiffs allege that, despite

---

[3] Similarly, to the extent Defendants seek the protection of the immunity offered by California Government Code § 820.8, such reliance is misplaced because Plaintiffs are bringing a direct negligent training claim against Chief Nisleit for his failure to reasonably train officers in use of lethal force. *See A.B. v. Cnty. of S.D.*, 112 Cal. App. 5th 404, 430 (2025), *as modified on denial of reh'g* (July 18, 2025) (rejecting reliance on Cal. Gov't Code § 820.8 because a sheriff can be held directly liable for "his own wrongful acts or omissions" in negligently training officers who killed an individual by excessive force); *see also* Cal. Gov't Code § 820.8 ("Nothing in this section exonerates a public employee from liability for injury proximately caused by his own negligent or wrongful act or omission.").

knowing that the "combat shooting" policy violated the Constitution and California laws, Chief Nisleit continued to train officers in the policy, which breached his "duty to ensure that officers received adequate training, supervision, and guidance consistent with California standards governing the use of force, including proper assessment, escalation, de-escalation, and reassessment once a suspect is incapacitated." Chief Nisleit's allegedly negligent training thus plausibly created the danger of harm to Decedent and Plaintiffs. *See Brown v. USA Taekwondo*, 11 Cal. 5th 204, 214 (2021) ("[T]he law imposes a general duty of care on a defendant only when it is the defendant who has created a risk of harm to the plaintiff[.]").

The seventh cause of action provides adequate factual allegations to state a claim of negligent failure to train as pled directly against Chief Nisleit. Accordingly, the Court **DENIES** Defendants' motion to dismiss the seventh cause of action as to Chief Nisleit.

## B.  Claim Against the City

Next, Defendants argue that the claim must be dismissed against the City to the extent it is brought directly as "[t]here is no statutory basis for negligent hiring, training, or supervision." (*Id*. at 4 (citing *de Villers v. Cnty. of S.D.*, 156 Cal. App. 4th 238, 252 (2007)).)

To support a claim of direct liability against a municipal entity, Plaintiffs must identify a "specific statute either declaring the entity to be liable or creating a specific duty of care apart from the general tort principles embodied in [California] Civil Code [§] 1714[.]" *De Villers*, 156 Cal. App. 4th at 251 (emphasis omitted); *see also Eastburn v. Reg'l Fire Protection Authority*, 31 Cal. 4th 1175, 1183 (2003) ("[D]irect tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care.").

Plaintiffs do not raise a statutory basis for a negligent training and supervision claim against the City. (*See generally* TAC; Doc. No. 55.) Instead, Plaintiffs expressly assert they "do not allege direct entity liability," only vicarious liability pursuant to California Government Code § 815.2(a). (Doc. No. 55 at 5.)

Accordingly, the Court **GRANTS** Defendants' motion insofar as the seventh cause of action asserts a theory of direct liability against the City. *See, e.g.*, *Est. of Nunis by & through Nunis v. City of Chula Vista*, No. 21-CV-01627-AJB-DEB, 2023 WL 6035705, at *4–*5 (S.D. Cal. Feb. 8, 2023).

Finally, with regard to the theory of vicarious liability against the City, Defendants argue that, because Plaintiffs fail to state a claim against Chief Nisleit for direct liability, the vicarious claim against the City fails. (Doc. No. 52-1 at 4–5.) Plaintiffs respond that "[b]ecause [the TAC] adequately allege[s] negligence by public employees acting within the scope of their employment, the City may be held vicariously liable pursuant to Government Code section 815.2(a)." (Doc. No. 55 at 3.)

Because Plaintiffs plead adequate factual allegations to state a claim of negligent failure to train against Chief Nisleit, the facts necessary to establish a vicarious liability claim against the City have also been sufficiently pled. *See* Cal. Gov't Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). Defendants' motion to dismiss is **DENIED** as to the theory of vicarious liability pled against the City.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (Doc. No. 52). Defendants must answer the operative complaint no later than **April 30, 2026**.

**IT IS SO ORDERED.**

Dated:  April 16, 2026

Hon. Anthony J. Battaglia
United States District Judge

24-cv-0287-AJB-MSB